IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Estate of | No. 80645-9-I |
| CAROL L. WOOD | DIVISION ONE |
| SUSAN M. GONZALES, | UNPUBLISHED OPINION |
| Appellant, | |
| v. | |
| SECURITY STATE BANK, TRUSTEE DEPARTMENT, | |
| Respondent, | |
| EDWARD JONES, | |
| Other Party. | FILED: January 21, 2020 |

CHUN, J. — Susan Gonzales appeals a trial court's order requiring that an individual retirement account (IRA) owned by decedent Carol Wood be liquidated and transferred to Wood's estate (Estate). Because the terms of the beneficiary designation provide that Wood's IRA passes directly to her children, we vacate the court's order and remand for further proceedings consistent with this opinion.

BACKGROUND

On May 7, 2014, Wood executed a will. The will stated that Wood was unmarried and identified her two children as Susan Gonzales and Scott Wood. Wood's will made various cash bequests to Wood's grandchildren and provided

that "[a]ll of the rest, residue and remainder of my estate" would go to Scott.[1] To aid the personal representative, the will noted that Wood's "retirement savings and account investments have been moved to the Edward Jones office in Chehalis."

The will explicitly excluded Gonzales as a beneficiary except for a bequest of photographs and other family memorabilia. It stated as follows:

> I make no bequest, gift or devise to my children named in paragraph I, except as hereinafter provided. Due to circumstances that exist at this time, I am not making any provision for my daughter. I am hoping this situation may change but at the present time this is how I wish my estate to be handled.

On April 28, 2016, Wood executed a codicil to the will modifying the residuary provision; the codicil bequeathed "[a]ll of the rest, residue, and remainder of my estate whether real or personal, and wheresoever situated" to "the Security State Bank Trust Department, in Trust however, for my son, Scott A. Wood."

The following day, April 29, 2016, Wood signed and dated a one-page document entitled "Edward Jones Self-Directed Individual Retirement Account Beneficiary Form." The form provides as follows:

> By signing below:
>
> 1. I designate as beneficiary(ies) of this account the individual(s) I have named on this Beneficiary Designation Form, which I have read and reviewed, and confirm the designation is complete and accurate.
> 2. I acknowledge that any prior beneficiary designation for this account is hereby revoked.
> 3. I acknowledge that I have the authority to designate, change or revoke the beneficiary(ies) for this account as the Account Holder

---

[1] We refer to Scott Wood by his first name to avoid confusion.

or an authorized representative of the Account Holder acting on specific authority to designate, change or revoke the beneficiary(ies).

Below these lines is Wood's signature and date. Underneath is printed, in bold type:

NO BENEFICIARY DESIGNATION ON FILE, CUSTODIAL AGREEMENT DEFAULT APPLIES.

Wood died on December 4, 2017, and her will was admitted to probate. Security State Bank was appointed as the personal representative.

On April 11, 2018, the Estate filed a motion for an order to show cause "[w]hy the court should not issue an order requiring Edward Jones to process and liquidate the IRA of Carol L. Wood as though it named "My Estate" as the beneficiary of said account." In support of the motion, the Estate filed a declaration from Laurel Miller, the attorney for Security Street Bank and the scrivener of Wood's will and codicil. Miller stated that "Mrs. Wood was a strong willed woman and knew her mind and her intent. I state unequivocally that on May 7, 2014, the date of signing her will, that Mrs. Wood intended no part of her estate to be received by her daughter."

Edward Jones filed a notice of non-opposition to the Estate's motion, stating that it was a neutral third party and took no position on the Estate's motion. It provided a copy of its IRA Custodial Agreement, a six-page document listing the rules governing the IRA. The first paragraph of the Custodial Agreement reads:

This Custodial Agreement is incorporated into and is part of the Individual Retirement Account Authorization Form (collectively "Agreement") signed by me (collectively "the Depositor," "the Client," "me," "my," and "I") and constitutes a binding contract between

3

Edward D. Jones & Co., L.P. (collectively, "Edward Jones" and "Custodian"), and me. <u>I represent that I have read and understand the Agreement and agree to be bound by its terms as well as the separate disclosures and notices referenced in and/or provided with this Agreement.</u>

(Emphasis added).

Under the section entitled "Designation of Beneficiaries" the Custodial Agreement provides that the owner "may designate one or more beneficiaries of my IRA." The Agreement provides that, in the event that the owner does not designate a beneficiary:

[B]eneficiaries shall be deemed to be designated in the following order and priority: (1) my surviving spouse; or if none, then (2) my descendants, per stirpes, as defined under the laws of the State of Missouri;[2] or if none, then (3) my estate.

Gonzales filed a response opposing the Estate's motion and arguing that the IRA's default beneficiary provision required that the IRA pass in equal shares to her and Scott.

The trial court issued an order requiring that the IRA pass to the Estate. In doing so, the trial court found that:

[T]he overriding intent of the of the [sic] decedent to leave the residuary of her estate to the Trust created for her son is quite evident from the "four corners" of the will and codicil and that the evidence shown as to whether decedent knew of the custodial agreement terms and her intent in not naming a beneficiary are neither clear enough nor sufficient to overcome the clear showing as to her intentions as to the residue of the estate.

The trial court denied Gonzales's motion for reconsideration. Gonzales appeals.

---

[2] Missouri law provides that if there is no surviving spouse, a decedent's assets pass to "the decedent's children, or their descendants, in equal parts." MO. REV. STAT. § 474.010(2)(a).

DISCUSSION

Gonzales argues that the trial court erred in concluding that the IRA must pass to the Estate to be distributed under the residue provision of Wood's will. We agree.

In general, the standard of review is de novo in probate proceedings for decisions based on declarations, affidavits, and written documents. In re Estate of Bowers, 132 Wn. App. 334, 339-40, 131 P.3d 916 (2006).

An IRA is a nonprobate asset subject to distribution outside a will. RCW 11.02.005(10). While RCW 11.11.020 allows individuals to dispose of certain types of nonprobate assets through a will, IRAs are specifically excluded from this class. RCW 11.11.010(7)(a)(v). And even if RCW 11.11.020 permitted Wood's will to control the disposition of the IRA, nonprobate assets cannot be disposed of by a general residuary provision. RCW 11.11.020(2); Manary v. Anderson, 176 Wn.2d 342, 356-57, 292 P.3d 96, 103 (2013) (holding that a testator who bequeathed "the 'rest, residue and remainder of [his] estate'" to two testamentary beneficiaries had not changed the beneficiary designations of his nonprobate assets.). Thus, Wood's IRA passes under the terms of the beneficiary designation.

The day after she executed a codicil to her will, Wood signed a beneficiary designation form with Edward Jones that revoked all prior beneficiaries and explicitly did not name a new beneficiary. With no named beneficiary, the default provisions in the Custodial Agreement control how the IRA is distributed after

Wood's death. The plain language of the Custodial Agreement provides that the IRA is to be distributed to Wood's children, not to the Estate.

The Estate argues that there was no evidence that Wood intentionally failed to designate a beneficiary, nor evidence that she was aware the Custodial Agreement contained a default beneficiary designation provision.[3] We agree with the Estate that the beneficiary declaration form, puzzlingly, does not appear to provide an opportunity to designate a beneficiary. But we disagree with the Estate's assertion that the burden to present this evidence rested with Gonzales. There was no statutory authority for a show cause hearing under these circumstances, and thus no statutory provision for which party bore the burden of proof.[4] And the trial court's order, drafted by the Estate, required that Edward Jones, not Gonzales, show cause as to why the IRA should not pass to the Estate.[5]

The Estate contends that the trial court was obligated to consider Wood's intent to leave her financial assets to Scott because the paramount function of the court in interpreting a will is to carry out a testator's intent. But the interpretation of Wood's will is not at issue here because the IRA was a nonprobate asset that passed outside the will. The Estate asserts that the trial

---

[3] The Estate also argues that it would be procedurally unconscionable to enforce the default beneficiary provisions if Wood had no notice of them. Because the Estate did not raise this argument below, we do not consider it. RAP 2.5(a).

[4] The only provision for a show cause hearing in probate proceedings is RCW 11.68.070, involving the removal of a personal representative.

[5] The Estate provided Gonzales notice of its motion. But Gonzales's status with regard to the show cause motion was apparently unclear enough that Gonzales filed a motion to intervene in the proceedings.

court properly considered Wood's will as extrinsic evidence in interpreting the beneficiary designation form or the Custodial Agreement. But while extrinsic evidence may be examined to determine the meaning of specific words and terms used, it cannot show "intention independent of the instrument" or "vary, contradict or modify the written word." Hollis v. Garwall, Inc., 137 Wn.2d 683, 695-96, 974 P.2d 836 (1999). In other words, "if the contract says blue, a person can't say but what I meant was not blue, I meant red." Miller v. Kenny, 180 Wn. App. 772, 793, 325 P.3d 278 (2014). The Custodial Agreement is clear. If the owner does not designate a beneficiary, the beneficiary shall be determined in accordance with the default beneficiary rules. In the case of Wood, who had no surviving spouse, the default beneficiaries are her children. To the extent that the trial court interpreted the beneficiary designation form using Wood's will as extrinsic evidence of Wood's intent, it was error.

Both parties request attorney fees and costs on appeal under RAP 18.1 and RCW 11.96A.150. RCW 11.96A.150(1) allows a court to award costs and reasonable attorney fees to any party in trust and estate disputes "in such amount and in such manner as the court determines to be equitable." "In exercising its discretion under this section, the court may consider any and all factors that it deems to be relevant and appropriate." RCW 11.96A.150(1). Because Gonzales has prevailed in this appeal, we award her attorney fees, subject to compliance with RAP 18.1(d). We also award Gonzales her costs pursuant to RAP 14.2

We vacate the order and remand to the trial court for further proceedings, at which time the parties may continue to address the disposition of Wood's IRA.

_____ Chun, J.

WE CONCUR:

_____

_____ Andrus, J.